**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| YVONNE HENDERSON, on behalf of herself, and all others similarly situated, | ) Case No.: ) ) |
| Plaintiff, | ) ) **CLASS ACTION** |
| v. | ) ) |
| SAFEGUARDCASUALTY.COM INC, | ) Jury Trial Demanded ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT

### INTRODUCTION

1.     Yvonne Henderson ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Safeguardcasualty.com Inc. ("Defendant" or "Safeguard"), in negligently, and/or willfully contacting Plaintiff through telephone calls on her cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading her privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

2.     Defendant Safeguard is an auto insurance agency that maintains its corporate headquarters at 9996 Pines Blvd, Pembroke Pines, Broward County, FL 33034.

3.     In an effort to solicit business, Defendant Safeguard repeatedly placed phone calls, without consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to store and dial telephone numbers. As a result, Defendant has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. The TCPA was enacted to protect consumers from unauthorized and repeated calls exactly like those alleged in this Complaint – autodialed telemarketing calls to cellphone numbers, placed without consent, and continuing even after receiving requests to stop.

5. Defendant's violations cause Plaintiff and members of the Class of consumers (defined below) to experience actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing phone calls.

6. In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seek an injunction requiring Defendant to cease all unsolicited phone calls, as well as an award of actual and statutory damages to the members of the putative Class, together with costs and reasonably attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

8. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

**9.** The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and because the conduct and events giving rise to the claims occurred in this District. Venue is additionally proper because Defendant resides within this District.

## PARTIES

10. Plaintiff Yvonne Henderson is a natural person and a citizen of the State of Florida. Plaintiff Henderson is, and at all times mentioned herein was, a resident of Jacksonville,

Florida. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

11. Defendant Safeguard is an auto insurance agency that maintains its corporate headquarters at 9996 Pines Blvd, Pembroke Pines, FL 33034. Safeguard is a "person" as defined by 47 U.S.C. § 153 (32).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. §§ 227 *et seq.*

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## COMMON FACTUAL ALLEGATIONS

16. Safeguard is an auto insurance company which routinely engages in mass telemarketing practices in an attempt to solicit business.

17. Unfortunately, Safeguard often places calls to consumers without having the necessary prior express consent to do so, and fails to honor requests to stop calling, all in violation of the TCPA.

18. Safeguard places these unsolicited calls using equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, without any need for human intervention.

19. According to the website 800notes.com (https://800notes.com/Phone.aspx/1-888-364-1204), numerous individuals have complained about harassing and repeated calls from Defendant without their consent including, but not limited to, the following complaints:

> "this number has called 87 times in last 7 days.  It triggers voice mail on the cell phone blank 3-5 second recording.  Calls come in bunches at times called the number back plays flowery music no answer. Calls began 6-8 weeks ago increased frequency the past week."
> – May 24, 2017
>
> "Worst annoyance ever since I've owned a cell phone - 87 calls in less than a week - this is not the IRS or a debt collector - even though the calls are blocked, they still show up and have to be deleted - how in the world do I put a stop to this ?"
> - July 26, 2017

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

4

"This number was calling every hour on the hour for days to a line I have hooked up to a fax machine. It was very annoying as I sit right next to the fax machine while working. I tried to it back and several times heard music and then a dial tone. I finally reached someone there and they said they were trying to reach me to give me an auto insurance quote for my 3 vehicles. I requested my # be removed from their list as I didn't want to change auto insurance companies. Hopefully, the calls will stop."

– July 27, 2017

"I have gotten over a hundred calls from this number. I have blocked the number on my phone but still get voicemails with no return number to call. So annoying..."

– August 8, 2017

"This is Safeguard Casualty Insurance trying to sell you a policy. PLEASE go to the BBB website and leave a rating with their harassing policies: https://www.bbb.org/south-east-florida/busine ... ts/?review=true"

– December 7, 2017

20. These unsolicited phone calls placed to wireless telephones were placed *via* an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to consumers' cellular telephone.

21. The TCPA was intended to give individuals control over how and where they receive calls. When Safeguard places the phone calls to consumers without their consent, it fails to address or respect the limitations imposed by the TCPA. In doing so, it takes control away from the consumers and violates both the spirit and the letter of the TCPA.

22. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**FACTS SPECIFIC TO PLAINTIFF HENDERSON**

23. Beginning at least six months ago, Plaintiff Henderson began receiving a number of unsolicited phone calls from Safeguard to her wireless phone ending in the number 7252, for which Plaintiff provided no consent to call, in an attempt to solicit her business.

24. Throughout the past six months, Plaintiff has received numerous calls per day from Defendant, sometimes up to thirteen (13) calls in one day.

25. In fact, over the prior six month period, Plaintiff has received at least three hundred (300) calls from Defendant to her cellular phone.

26. Such calls were often made by prerecorded or artificial voice message.

27. The incoming calls from Safeguard received by Plaintiff Henderson emanate from various numbers, including the number 888-364-1204.

28. At times when Plaintiff Henderson was able to get a live person on the line, usually following a long pause or having to wait for a live representative, Plaintiff Henderson would advise Safeguard that she was not interested and to stop calling her, but the calls continued.

29. These unsolicited phone calls placed to Plaintiff Henderson's wireless telephone were placed *via* an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff Henderson's cellular telephone.

30. The existence of this ATDS if further evidenced by the sheer volume of calls placed by Safeguard in one day. Defendant could only make such calls using such automated equipment.

31. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff Henderson incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

32. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff Henderson did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

34. These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of themselves and a class of similarly situated individuals ("the Class") defined as follows:

> All persons in the United States who: (1) received a phone call placed by Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); (4) without consent; (5) from four year prior to the filing of this Complaint through the filing of Final Approval.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members are in the hundreds of thousands, if not more. Defendant's records would provide the necessary information. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek

recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

 a. Whether, between four year prior to the filing of this Complaint to the disposition of this case, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;
 b. Whether the equipment Defendant, or its agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;
 c. Whether Defendant, or its agents, systematically made telephone calls to persons featuring an artificial or pre-recorded voice;
 d. Whether Defendant, or its agents, systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;
 e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
 f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As a person that received at least one unsolicited telephone call to her cell phone without her prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227 *ET SEQ.***

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant

was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls also featured a prerecorded voice and were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

48. Defendant also made telephone calls featuring a prerecorded or artificial voice without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

49. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

50. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227 *ET SEQ.***

52. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though fully stated herein.

53. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls also featured a prerecorded voice and were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

54. Defendant also made telephone calls featuring a prerecorded or artificial voice without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

55. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

58. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

60. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

61. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for themselves and each Class member treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

63. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 6, 2018

**KOMLOSSY LAW, P.A.**

/s/ Emily C. Komlossy
Emily C. Komlossy (FBN 7714)
eck@komlossylaw.com
Ross A. Appel (FBN 90865)
raa@komlossylaw.com
4700 Sheridan St., Suite J
Hollywood, FL 33021
Tel: 954-842-2021
Fax: 954-416-6223

**LAW OFFICES OF RONALD A. MARRON**
Alexis M .Wood (pro hac vice pending)
alexis@consumersadvocates.com
Kas L. Gallucci
kas@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

*Attorneys for Plaintiff*